UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLENDA T. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV821 DDN |
| | ) |
| U.S. DEPT. OF LABOR, et al., | ) |
| | ) |
| Defendants, | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff, for leave to commence this action without payment of the filing fee. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the fee. As a result, plaintiff will be granted leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to Fed.R.Civ.P. 12(h)(3).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action seeking review of a denial of benefits by the Office of Workers' Compensation Programs ("OWCP") of the U.S. Department of Labor for injuries plaintiff apparently sustained at her workplace. Plaintiff worked at Scott Air Force Base, in Shiloh, Illinois.

Plaintiff states that she began receiving workers' compensation in September of 2009 for an injury to her elbow and for carpal tunnel syndrome. She claims she had surgery in January of 2010, and in March of that year she developed a somewhat permanent injury to her upper right arm. Plaintiff asserts that in March of 2011, the Office of Personnel Management ("OPM") declared her disabled, and although plaintiff went through several stages of appeals hearings in the OWCP, her final appeal with the Employees' Compensation Appeal Board was denied on May 14, 2014.

Plaintiff states that she would like an attorney to be assigned to represent her in her claim to overturn the Appeal Board, and she seeks to have a Second Injury Fund award be granted to her.

## Discussion

Unfortunately, plaintiff has no remedy before this Court, as the Court lacks jurisdiction over her complaint. The Federal Employees' Compensation Act ("FECA"), which provides benefits to federal employees injured or killed in the course of performing their duties, is intended to be the exclusive remedy for injured federal employees. *See* 5 U.S.C. §§ 8101-8152; specifically section 8116(c). The FECA limits jurisdiction of the adjudication of FECA claims to the Secretary of Labor and prohibits review "of the action of the Secretary of Labor or his

designee" by any court." *See* 5 U.S.C. § 8128(b)(2); *see Stephens v. Office of Workers' Compensation Program;* 721 F.2d 642 (8th Cir. 1983); *DiPippa v. United States*, 687 F.2d 14, 17 (3rd Cir. 1982).

There is a small exception to the aforementioned, if a plaintiff has alleged a substantial, cognizable constitutional claim. *See Schneider v. United States*, 27 F.3d 1327, 1332 (8th Cir. 1994) (a statute precluding judicial review does not bar review of constitutional claims arising under the statute). Although plaintiff alleges in a conclusory fashion a violation of her "civil rights," she has not stated with any specificity what liberty or property interest she believes was allegedly deprived.[1] *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). And plaintiff could not have acquired a property interest in her workers' compensation benefits request because the federal government did not find that plaintiff was entitled to the benefits she has requested in the present lawsuit. *See Am. Mfrs. Mut. Ins. Co v. Sullivan*, 526 U.S. 40, 60 (1999). Further, even if plaintiff had a property right, she received the rights to which she was entitled, notice and a right to be heard. *Loudermill*, 470 U.S. at 542.

Given the aforementioned, the Court finds that plaintiff's complaint lacks subject matter jurisdiction and this action will be dismissed pursuant to Fed.R.Civ.P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

---

[1] Thus, these claims are insubstantial and most likely designed to provide a jurisdictional basis where none otherwise exists.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of August, 2015.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE